# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **AREANNA GUILLORY** § | | **CIVIL ACTION NO. 2:21-cv-01126** |
| *Plaintiff* § | | |
| § | | |
| **VERSUS** § | | |
| § | | |
| **SOUTHWEST LOUISIANA** § | | |
| **HOSPITAL ASSOCIATION d/b/a** § | | |
| **LAKE CHARLES MEORIAL** § | | |
| **HOSPITAL** § | | |
| *Defendant* § | | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, **AREANNA GUILLORY,** for her Original Complaint against Defendant, **SOUTHWEST LOUISIANA HOSPITAL ASSOCIATION d/b/a LAKE CHARLES MEMORIAL HOSPITAL.** Plaintiff hereby states as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as it appears at 42 U.S.C. § 2000e *et seq*, and the Americans with Disabilities Act of 1990 ("ADA"), as it appears at 42 U.S.C. § 12101 *et seq.*

2. This Court has jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, law or treaties of the United States;

b. 28 U.S.C. § 1343 (3) and (4), which give district courts jurisdiction over actions to secure civil rights extended by the United States government;

3. Plaintiff filed a *pro se* Amended Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on or about October July 25, 2019 (Charge No. 461-4918093113).

4. For all claims investigated by the EEOC, the Charging Party is afforded ninety (90) days from his or her receipt of Dismissal and Notice of Suit Rights. The EEOC issued suit rights on January 29, 2021, and Plaintiff files suit within the ninety (90) period afforded by law. *See* Exhibit A.

5. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 (b) because the events that gave rise to this Complaint occurred in the Western District of Louisiana, specifically in Calcasieu Parish, making the Lake Charles Division the most appropriate Division for this suit.

## PARTIES

6. Plaintiff is a citizen of the United States and resides in the city of Lake Charles, Parish of Calcasieu, State of Louisiana, which is in this judicial district.

7. Plaintiff is African-American and, as such, is a member of a protected class.

8. At all relevant times, Plaintiff was pregnant. As such, at the time of the acts complained of herein, Plaintiff was a member of a protected class.

9. Defendant, **SOUTHWEST LOUISIANA HOSPITAL ASSOCIATION d/b/a LAKE CHARLES MEMORIAL HOSPITAL** (hereinafter "LCMH"), is a municipal corporation organized and existing under the domestic laws of the State of Louisiana.

    LCMH is authorized to and is conducting business within the State of Louisiana, and its principal business establishment in Louisiana is located at 1701 Oak Park Blvd., Lake Charles, LA 70601.

10. At all times relevant to this suit, Plaintiff worked for Defendant at its facility located at 1701 Oak Park Blvd., Lake Charles, LA 70601, which is within this judicial district. All claims that form the basis of this complaint arose from Plaintiff's employment at the Lake Charles facility.

## FACTUAL ALLEGATIONS

11. Plaintiff began her employment with LCMH on April 4, 2018. At all relevant times, Plaintiff worked as an Emergency Room Technician ("ERT"), earning $10.00 per hour.

12. On or about August 30, 2018, Plaintiff verbally informed her supervisor, Roman Jenks ("Jenks") that she was pregnant. During the conversation, she requested assistance in bringing patient beds up the stairs.

13. On or about September 6, 2018, Plaintiff asked Jenks whether she could take a few sick days due to ongoing morning sickness. Jenks also instructed Plaintiff that she could not return to work until she obtained a physician's note describing any work restrictions resulting from her pregnancy.

14. Following her conversation with Jenks, Plaintiff spoke with LCMH's Human Resources Benefits Coordinator, who instructed Plaintiff that she could not return to work until she provided medical documentation from her OB/GYN.

15. Plaintiff remained out of work from September 6, 2018 through September 12, 2018.

16. On September 12, 2018, Plaintiff obtained the requested medical documentation and was placed on light duty by her OB/GYN. The physician's note specifically provides that, "pt needs to be on light duty – no lifting heavier than 50 lbs."

17. Plaintiff attempted to return to work on September 12, 2018, at which time she submitted her medical documentation and accompanying light duty restriction to Jenks. In response, Jenks instructed Plaintiff to contact CIGNA regarding FMLA leave, claiming that "there was nothing that the department could do for [Plaintiff] during the remainder of her pregnancy." During the meeting, Jenks informed Plaintiff that there was no available light duty work for her in the Emergency Room department.

18. On or about September 18, 2018, Plaintiff contacted CIGNA to obtain leave request documents pursuant to the Family and Medical Leave Act ("FMLA")

19. On September 24, 2018, Plaintiff contacted Jonathon Ross ("Ross"), at which time she asked that LCMH apply her accumulated sick leave benefits to previous pay periods. In the message, Plaintiff indicated to Ross that she had received the CIGNA leave request documents.

20. On October 8, 2018, Plaintiff again contacted Ross regarding use of sick leave. In the message, Plaintiff also informed Ross that she was waiting to hear back from CIGNA regarding leave.

21. Upon information and belief, CIGNA mailed a letter to Plaintiff on October 3, 2018, therein informing her that she was not eligible for leave under the FMLA because she did not meet the minimum hours worked requirement. Plaintiff did not receive the correspondence until at least October 10, 2018.

22. On October 10, 2018, and upon learning that she was not eligible for leave, Plaintiff directed an email to Jenks, asking whether there was any way for her to return to work with accommodations.

23. On October 11, 2018, Plaintiff participated in an in-person meeting with Jenks in an effort to discuss potential accommodations. During the meeting, Jenks indicated that LCMH did not have any light duty work in the ER for Plaintiff. During the meeting, Jenks placed a phone call to another department and asked whether Plaintiff could work in data entry. No confirmation could be given at that time, so Jenks indicated to Plaintiff that he would reach out to her once he received additional information.

24. Just before Plaintiff's meeting with Jenks on October 11, 2018, Plaintiff went to the Human Resources building to inquire about the company's temporary disability program, which is a program whereby employees could be placed into temporary positions until they could return to their original position within the company. Plaintiff was told that a LCMH would reach out to her with additional information.

25. At no time following October 11, 2018 did Plaintiff receive any correspondence from Jenks or any other employee of LCMH regarding potential accommodations and/or temporary disability accommodations.

26. Because LCMH would not permit Plaintiff to return to work with her medical restrictions, Plaintiff took Paid Time Off (PTO) until the last week of October 2018.

27. On or about November 8, 2018, Plaintiff learned from LCMH Employee Relations Specialist, Veronica Clouse, that she was being terminated for "inability to work."

28. On November 16, 2018, LCMH sent Plaintiff written correspondence informing her that she had been terminated, effective immediately. LCMH sent the correspondence to one of Plaintiff's old addresses, so Plaintiff did not ever receive the letter.

29. Upon good information and belief, LCMH provided a Caucasian, female ERT, Kayla White, with light duty work within the Emergency Room, during her pregnancy. LCMH refused to provide any such light duty work or temporary reassignment to Plaintiff and, instead, terminated her employment.

## FIRST CAUSE OF ACTION:
## PREGNANCY DISCRIMINATION IN EMPLOYMENT
*Pursuant to 42 U.S.C. § 2000k et seq.*

30. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

31. Title VII of the Civil Rights Act of 1964 forbids a covered employer to "discriminate against any individual with respect to . . . terms, conditions, or privileges of employment, because of such individual's . . . sex." In 1978, Congress enacted the Pregnancy Discrimination Act, 92 Stat. 2076, which added new language to Title VII's definitions subsection. The first clause of the 1978 Act specifies that Title VII's "ter[m] 'because of sex' . . . include[s] . . . because of or on the basis of pregnancy, childbirth, or related medical conditions."

32. At all relevant times, Plaintiff was pregnant. Accordingly, she is a member of a protected class.

33. Plaintiff was qualified for her position as an ERT. Plaintiff had been specifically hired by LCMH for the ERT position, and she successfully performed her job duties. Plaintiff received no negative job evaluations or write-ups during her employment with LCMH.

34. Plaintiff sought an accommodation for her pregnancy-related restriction, and LCMH did refused to accommodate her.

35. Upon good information and belief, LCMH provided job accommodations to other employees with similar restrictions, whether it be by placing them on light duty, providing a temporary job assignment to accommodate lifting restrictions, or otherwise.

36. Upon good information and belief, several vacant positions – none of which required Plaintiff to lift in excess of fifty (50) pounds – were available when Plaintiff asked for light duty or a temporary job reassignment. Despite the availability of a position that would accommodate Plaintiff's temporary lifting restriction, LCMH refused to provide Plaintiff with the same.

37. Moreover, as function of LCMH's refusal to accommodate Plaintiff in any way, Plaintiff was terminated from employment on or about November 16, 2018. Accordingly, she suffered an adverse employment action under Title VII and the PDA.

38. Wherefore, Plaintiff asks this Honorable Court to find **LAKE CHARLES MEMORIAL HOSPITAL** liable for the violation of Title VII of the Civil Rights Act of 1964.

### SECOND CAUSE OF ACTION:
### DISABILITY OR, ALTERNATIVELY, "REGARDED AS" DISABILITY DISCRIMINATION IN EMPLOYMENT
*Pursuant to 42 U.S.C. § 12101 et seq.*

39. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

40. Title I of the ADA prohibits covered employers from discriminating against a qualified individual with a disability because of the disability with regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation,

job training, and other terms and conditions, and privileges of employment. 42 U.S.C. § 12112(a).

41. Defendant is an "employer" as defined in 42 U.S.C. § 12111(5)(A). Defendant is engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

42. At all times relevant to this suit, Plaintiff was qualified for the position of ERT. As such, with or without reasonable accommodation, Plaintiff could perform the essential functions of the ERT position.

43. At no time during Plaintiff's employment with Defendant did Plaintiff receive any written or verbal reprimands of any kind.

44. Plaintiff was "disabled" as defined in 42 U.S.C. § 12102(1)(A). Plaintiff was pregnant and, as function thereof, was unable to lift in excess of fifty (pounds). This pregnancy-related impairment significantly impaired her ability to both lift and work.

45. As an alternative cause of action, LCMH regarded Plaintiff as disabled by either: 1) mistakenly believing that Plaintiff had a physical impairment that substantially limited one or more major life activities or 2) mistakenly believed that an actual, non-limiting impairment substantially limited one or more major life activities.

46. Regardless of whether Plaintiff's condition is deemed a "disability" as defined by the ADA, Defendant perceived her as having an impairment.

47. Plaintiff requested an accommodation in the form of light duty work or a temporary job reassignment so that she could refrain from lifting over fifty (50.0) pounds.

48. Plaintiff's disability (or, alternatively, perceived disability) was a motivating factor in LCMH's decision to terminate Plaintiff's employment. Plaintiff was terminated for a

purported "lack of interest" in her job despite the fact that she readily corresponded with various agents and employees of LCMH requesting accommodations and attempting to engage in an interactive process to find a job or job duties to accommodate her temporarily disabling condition.

49. Wherefore, Plaintiff asks this Honorable Court to find **LAKE CHARLES MEMORIAL HOSPITAL** liable for the violation of Title I of the Americans with Disabilities Act of 1990.

### THIRD CAUSE OF ACTION:
### RACIAL DISCRIMINATION IN EMPLOYENT
*Pursuant to 42 U.S.C. 2000e et seq.*

50. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

51. Under Title VII, it is an unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C.S. § 2000e-2(a)(1).

52. Defendant is an "employer" subject to the provisions of Title VII. At all relevant times, LCMH was an entity engaged in an industry affecting commerce who had fifteen or more employees defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees. . . ." 42 U.S.C. § 2000e(b).

53. Plaintiff is African-American and is therefore a member of a protected class.

54. Plaintiff was qualified for her position as an Emergency Room Technician.

55. Plaintiff was terminated from her employment on November 16, 2018. As such, Plaintiff suffered an adverse employment action for purposes of establishing a Title VII claim.

56. Upon good information and belief, based on disparate treatment, Plaintiff alleges that she was subjected to unlawful discrimination on the basis of her race. Upon good information and belief, LCMH afforded accommodations to Kayla White and other Caucasian employees when they presented with temporarily disabling conditions, including, but not limited to, pregnancy. In stark contrast, LCMH refused to provide Plaintiff with any accommodation and then terminated her employment.

57. Plaintiff's race, African-American, was a determining factor in treating Plaintiff less favorably than Caucasian employees.

58. Wherefore Plaintiff asks this Honorable Court to find **LAKE CHARLES MEMORIAL HOSPITAL** liable for the violation of Title VII of the Civil Rights Act of 1964.

**PRAYER:**

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendant providing the following relief:

(a) All damages to which Plaintiff may be entitled, including but not limited to back pay, reimbursement for lost position and training, social security and other benefits, front pay, and any and all statutory relief;

(b) Reasonable attorney's fees, with conditional awards in the event of appeal;

(c) Pre-judgment interest at the highest rate permitted by law;

(d) Post-judgment interest from the judgment until paid at the highest rate permitted by law;

(e) Costs, including expert fees;

(f) Reasonable and necessary medical care and expenses in the past and future;

(g) Mental anguish damages in the past and future;

(h) Injunctive relief; and

(i) Such other and further relief, at law or in equity, to which Plaintiff may be entitled.

_____
### DEMAND FOR JURY TRIAL
_____

Pursuant to Rule 38 of Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

**Respectfully Submitted**,

**SUDDUTH & ASSOCIATES, LLC**
Attorneys-at-Law
1109 Pithon St.
Tel: (337) 480- 0101
Fax:(337) 419- 0507
Email: james@saa.legal

**BY:** */s/ James E. Sudduth, III*
**JAMES E. SUDDUTH, III, #35340**
**KOURTNEY L. KECH, #37745**
**PIERCE A. RAPIN, #38579**
*Counsel for Plaintiff*